IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-02002-RPM
Criminal Action No. 01-cr-00395-RPM-3

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JACK DOWELL,

       Defendant.

_____

ORDER ON MOTIONS AND FOR FINAL JUDGMENT
_____

On September 24, 2007, Jack Dowell, *pro se,* filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his conviction and sentence of 360 months in prison after a jury verdict finding him guilty of destroying government property by fire in violation of 18 U.S.C. § § 2, 844(f)(1) and (2) and forcibly interfering with IRS employees and administration, in violation of 18 U.S.C. § 2 and 26 U.S.C. § 7212(a).  His conviction and sentence were affirmed by the Tenth Circuit Court of Appeals in a published decision dated December 6, 2005.  *United States v. Dowell*, 430 F.3d 1100 (10th Cir. 2005).

Mr. Dowell's motion claimed ineffective assistance of his appointed counsel, Jody Reuler, in pretrial and trial matters contrary to the protection afforded by the Sixth Amendment to the United States Constitution.  Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, an order entered on September 27, 2007, directing the United States Attorney to file an answer.  That answer was filed on

October 25, 2007, and Mr. Dowell filed a reply, *pro se,* on November 19, 2007.

Because Mr. Reuler was disbarred in August, 2003, and was involved in proceedings with the Office of Attorney Regulation for the Colorado Supreme Court, this court appointed Richard Stuckey to represent Mr. Dowell and an evidentiary hearing was held on March 5, 2010. James Coyle, Deputy Regulation Counsel, testified concerning the disciplinary proceedings and Jody Reuler testified at length concerning his conduct representing Mr. Dowell through trial.[1] Mr. Reuler testified that his attention to the criminal case and his actions in defending Mr. Dowell were not affected by the disciplinary proceedings and that he had discussed his approach to the case with Larry Pozner, a practice monitor retained by agreement with the regulatory officer.

At the conclusion of the hearing, this Court made an oral ruling denying Mr. Dowell's motion. (Transcript Doc. 623). The Tenth Circuit Court of Appeals denied a certificate of appealability on July 21, 2010. The appellate court addressed four of the fifteen claims Mr. Dowell had raised in his *pro se* motions. Those four claims were the claims raised in his request for a certificate of appealability. The claims of ineffective assistance of counsel expressly denied were (1) failure to move to suppress inculpatory statements made to law enforcement agents, (2) failure to interview and call certain witnesses, (3) failure to effectively cross-examine Ronald Sherman, a co-conspirator who testified pursuant to a plea agreement, and (4) the distraction of Mr. Reuler's disciplinary proceedings. The appellate court rejected those claims. A copy of that Order is attached as Appendix A.

---

[1] Harvey Steinberg represented Jack Dowell at the sentencing hearing.

On May 4, 2011, Mr. Dowell, *pro se,* filed a motion to amend or vacate judgment (Doc. 633), challenging an order striking amended claims under § 2255.  On May 6, 2011, Mr. Dowell filed a Motion to Set Aside Judgment (Doc. 636) which this Court denied on May 10, 2011, (Doc. 637).  On May 25, 2011, this Court denied a certificate of appealability (Doc. 641).

Mr. Dowell then sought a certificate of appealability from the Tenth Circuit Court of Appeals and that court construed the pleadings filed in this court as a second habeas petition which the Circuit Court denied to the extent that it understood Mr. Dowell to claim a lack of jurisdiction because the IRS building was leased, not owned by the United States (438 Fed.Appx. 706, 2011 WL 4005114 (C.A.10 (Colo)).

Mr. Dowell then filed a motion in the Tenth Circuit Court of Appeals for authorization to file a second or successive 28 U.S.C. § 2255 motion and on May 22, 2013, that court issued an order that held that no authorization was necessary because this Court had not specifically ruled on seven of the claims asserting ineffective assistance of trial counsel.  In re Dowell, Case No. 13-1142 (10th Cir. May 22, 2013).

Mr. Dowell then filed the following motions in this court on May 31, 2013.

- Motion for Relief From a Void Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(b)(4) (Doc. 650)

- Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006(A), Rule 8 Rules Governing § 2255 (Doc. 651)

- Motion for Substitution of Judge 28 U.S.C. § 455 Rule 25(b) (Doc. 652)

- Motion for Leave to File Supplemental Authority (Fed.R.Civ.P. Rule 15(d)(2013) (Doc. 654).

The Rule 60(b) motion follows the Tenth Circuit order of May 22, 2013, and

contends that the judgment dismissing the § 2255 motion entered March 5, 2010, is void because this Court did not specifically rule on the seven claims of ineffective assistance of counsel identified by the Circuit Court.  That is alleged to be a denial of due process.  The motion to disqualify under § 455 claims prejudice is to be assumed because of the procedures followed.  That is an insufficient basis for disqualification.  There is no basis for that assumption and no other evidence of a lack of impartiality.

In accordance with the May 22, 2013, order and to correct an oversight in ruling on Mr. Dowell's claims, the seven unadjudicated issues are now addressed.

> Counsel was constitutionally ineffective for failing to investigate, read discovery material, adequately cross-examine prosecution witnesses, and to impeach these witnesses with police reports and other available documents.

Mr. Dowell submitted many attachments to his *pro se* motion, including his affidavit of September 17, 2007, attesting to his alibi of his shooting pool at a bar with his cousin, Thomas Dowell, on May 3, 1997, and later meeting with Jim Cleaver, Mr. Dowell's contacts with the FBI, including the meeting with FBI Agent Petoskey in Florida on November 2, 2001, and the circumstances of their conversation which was the subject of Agent Petroskey's testimony at trial.  That, the movant says, was an involuntary admission and should have been suppressed.  In his affidavit, Mr. Dowell asserts other matters which he says he urged Mr. Reuler to investigate and to offer as evidence at trial.

Comparing what Mr. Dowell has offered in support of his motion and the evidence at trial, there is no basis for finding Mr. Reuler's assistance as ineffective.

Thomas Dowell submitted an affidavit dated June 23, 2007, attesting to the alibi. Thomas Dowell was acquitted at a separate trial after Jack Dowell's conviction and his affidavit is not believable. His lawyer would not have permitted him to testify at Jack Dowell's trial. It would be malpractice for a lawyer to advise Thomas Dowell to waive his Fifth Amendment privilege and be subject to cross examination before his own trial. This was discussed by the Circuit Court in the Order Denying Certificate of Appealability, Appendix A.

At the evidentiary hearing, Mr. Reuler testified that Jack Dowell denied making the statements to the FBI agents and the cross examination and trial tactics were in accord with that denial.

> Counsel was constitutionally ineffective by failing to object to the jury charge, verdict form, and presentation of evidence that constructively amended count one part two of the indictment.

This refers to the fact that Firefighter Charles Sanders' name was stricken from the indictment on the government's motion after he testified that he had a pre-existing back injury. At a hearing on the motion, the Court opined that it was not necessary to particularize the harm to a specific individual. Mr. Reuler did object and contended that the grand jury must have relied on the claim of Mr. Sanders' injury when it returned the indictment. That challenge was rejected and there was ample evidence that the fire presented a substantial risk of injury to the firefighters present.

> Counsel was constitutionally ineffective by failing to present evidence based on vertical ventilation practices, request a specific jury instruction on count one, question two, and a special verdict form to stay in compliance with the Fifth, and Sixth Amendments of the United States Constitution.

In that regard, Mr. Dowell attached to his motion some information on vertical

ventilation of fires asserting that his lawyer should have challenged the methods used as improperly increasing the danger. There is no basis for finding that such a challenge would have affected the outcome. This was arson and the fire was difficult to contain.

> Counsel was constitutionally ineffective by failing to file a timely pretrial motion to dismiss the *18 U.S.C. § 844(f)(2)* charge because it was obtained through the knowing use of perjured testimony that substantially influenced the grand jury to indict on *§ 844(f)(2)* count.

There is no legal merit to this contention.

> Counsel . . . was constitutionally ineffective by failing to properly present and argue Mr. Dowell's motion to dismiss for lack of territorial jurisdiction, which Mr. Dowell had hand written, and delivered to, and requested counsel Reuler to type, edit and file.

There is no legal merit to this claim.

> Counsel was constitutionally ineffective by failing to object to the pre-sentence report use of the 2002 Edition of the *USSG §2K1.4 and 2B1.1* to calculate Mr. Dowell's offense level for a crime that occurred on *May 3, 1997* because the 2002 Edition of those provisions increased the adjusted base offense level *by 4 additional levels* and *violates the ex post facto clause*.

Mr. Steinberg filed a written objection to the pre-sentence report, contending that there should be no enhancement under 18 U.S.C. § 844 (c)(2) or (3) because the interrogatory asking the jury to determine whether there was a substantial risk of injury from the fire did not track the language of the indictment that it was to Charles Sanders. The Court rejected that challenge and the sentence was affirmed on direct appeal. The contention that there was a violation of the *ex post facto* clause by the use of the 2002 Edition of the Sentencing Guidelines for a 1997 crime was at first conceded in the government's answer but in the supplement, filed on January 12, 2009 (Doc. 592) the government withdrew that concession and agreed that this Court properly relied on §

2K1.4(a)(1) setting a base level of 24 in both the 1996 and 2002 guidelines manual with a 12 level increase for the terrorism enhancement, making an offense level of 36 with a criminal history Category VI resulting in a guideline range of 324-405 months.

> [Counsel's] cumulative errors and omissions deprived Mr. Dowell of his due process right to a fair trial and constitute ineffective assistance of counsel.

This is a conclusory claim and is not supported by the record.

There is no need for the appointment of counsel, Mr. Dowell has represented himself adequately.

On June 26, 2013, Mr. Dowell filed a Motion for Leave to File Supplemental Authority, citing a recent Supreme Court opinion on the retroactive application of Sentencing Guidelines, (Doc. 654).  The motion is granted but the authority is not relevant.

Upon the foregoing, it is ORDERED that with the exception of the motion to submit supplemental authority, all of the motions addressed in this order are denied and the Clerk shall now enter a final judgment denying Jack Dowell's motion under 28 U.S.C. § 2255 and dismissing Civil Action No. 07-cv-02002-RPM.

DATED: July 19th, 2013

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior Judge